942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth W. NELSON, Reta M. Nelson, Carol Millsap, Diana
Cater, Plaintiffs-counter-defendants-Appellants,
v.
UNITED STATES of America, John Does and Mary Does, A through
Z believed to be agents, offices or employees of the
Internal Revenue Service, individually and in their official
capacity, and John Doe Number 1, believed to be potential
buyer at 4100 Turner Ln., Michael P. Brown,
Defendants-counter-claimants-Appellees.
 
 No. 90-16347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1991.
Aug. 29, 1991.
 Before WALLACE, Chief Judge, GOODWIN, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Kenneth W. Nelson, Reta M. Nelson, Carol Millsap, and Diana Cater appeal the district court's judgment in favor of the United States and Michael Brown in appellants' action challenging the government's levy upon real property and seeking to quiet title to the property in the names of Millsap and Cater. We affirm in part and remand for further proceedings.
 
 
 3
 The Nelsons, husband and wife, contend that because they had transferred the subject real property owned by them to their daughters, Millsap and Cater, prior to receiving a Notice of Deficiency, the government had no authority to seize the property to satisfy Kenneth Nelson's tax deficiency. Appellants contest the validity of the government's use of a nominee lien to seize property held in the name of Millsap and Cater. Title 26 of the United States Code, pursuant to which the property was levied, does not use the term "nominee," nor does it authorize the use of nominee liens. In G.M. Leasing Corp. v. United States, 429 U.S. 338 (1977), however, the Supreme Court sanctioned the use of that title's procedures to levy upon property held in the name of a corporation that was found to be an alter ego of the taxpayer. According to the Court,
 
 
 4
 If petitioner was [the taxpayer's] alter ego, it had no countervailing effect for purposes of his federal income tax. Griffiths v. Commissioner, 308 U.S. 355 (1939); Higgins v. Smith, 308 U.S. 473, 476 (1940). It would then follow that the Service could properly regard petitioner's assets as [the taxpayer's] property subject to the lien under § 6321, and the Service would be empowered, under § 6331, to levy upon assets held in petitioner's name in satisfaction of [the taxpayer's] income tax liability."
 
 
 5
 Id. at 351.
 
 
 6
 Although appellants argue that G.M. Leasing does not apply in this case because the property was transferred to their daughters rather than to a corporate alter ego, they offer no good reason that this should serve to distinguish this case from G.M. Leasing. While transfer of an asset to another individual for legitimate purposes should no doubt be treated differently, we see no rationale to distinguish the sham transfer of property to an individual from the sham transfer of property to a corporation for the purposes of the rule. In both, the property remains that of the taxpayer in all but name. Accordingly, we believe that where property has been transferred only in name, G.M. Leasing authorizes the use of nominee liens.
 
 
 7
 In this case, ample evidence exists to support the district court's determination that the transfer of property to Ms. Millsap and Ms. Cater involved a transfer in name only. The Nelsons transferred the property at a time when they were aware that the government was investigating their tax returns; the land was transferred for no consideration; and the Nelsons continued to live at the property, pay expenses of the property, keep homeowners insurance in their names, and list the property as their home address. Based on this evidence, we affirm the use of a nominee lien in this case.
 
 
 8
 Appellants also argue that the government's levy on Ms. Nelson's share of the property was improper because it was seized to satisfy the tax deficiency of only Mr. Nelson. Appellants contend that Ms. Nelson's share of the property could not properly be levied upon to satisfy the tax deficiency of her husband. This issue was never considered in the court below, apparently because the fact that Ms. Nelson's withholding had previously not been properly credited, and that she therefore had no tax liability, did not emerge until the date of trial. On review, we find that we lack sufficient information in the record to determine whether the property or a portion of the property was inappropriately levied upon. For example, we cannot determine from the record before us whether the property was held in joint tenancy or as community property by the Nelsons, an issue that could affect resolution of this matter. We therefore remand to the district court to determine the manner in which the property was held and whether the government could properly reach Ms. Nelson's share of property held in this manner to satisfy Mr. Nelson's tax liability. See United States v. National Bank of Commerce, 472 U.S. 713 (1985) (determining whether jointly-held property properly subject to tax levy to satisfy debt of one taxpayer). We affirm in part and remand for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3